IN THE UNITED STATES DISTRICT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD ANDIS | : | |
|     Plaintiff, | : | |
| and | : | |
| | : | 5:11-cv-171(CAR) |
| LIBERTY MUTUAL INSURANCE GROUP, INC. | : | |
| | : | |
|     Involuntary-Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| EMC MORTGAGE CORPORATION, | : | |
| | : | |
|     Defendant | : | |

**ORDER ON PLAINTIFF=S MOTION TO REMAND**

Currently before the Court is Plaintiff=s Motion to Remand [Doc. 8]. The present tort action was originally filed in the Superior Court of Monroe County, Georgia in September of 2007. After Plaintiff recently amended his Complaint to add a count for declaratory judgment and interpleader against his employer=s workers= compensation insurer, Liberty Mutual Insurance Group, Inc.(ALiberty@), the then AInvoluntary-Plaintiff@ filed a Notice of Removal [Doc. 1] in this Court. Plaintiff now seeks to have the action remanded. For the reasons discussed below, the Court agrees that Liberty may not properly remove this action under 28 U.S.C. '' 1441(a) and 1445(c). Plaintiff=s Motion is accordingly **GRANTED**.

## DISCUSSION

Federal courts are courts of limited jurisdiction, empowered only to hear those cases within the judicial power defined by Article III of the Federal Constitution and those entrusted to them by Congress. Univ. Of S. Ala. v. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999). Congress has clarified that any action initially brought in state court may be removed to a federal district court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The burden of proving any jurisdictional fact rests upon the party seeking to invoke the jurisdiction of the federal courts; thus, in this case, Liberty bears the burden of establishing that the requirements of 28 U.S.C. § 1441 (removal jurisdiction) are met before it can proceed to establish that any other basis for jurisdiction exists. If the party seeking removal fails to carry this burden, the case cannot be removed regardless of other bases for jurisdiction.

Plaintiff Todd Andis, a Florida resident, originally filed this action in the Superior Court of Monroe County, Georgia on September 21, 2007, for damages arising out of a motor vehicle accident that occurred in Monroe County, Georgia. At some point in the litigation, Plaintiff and Defendants reached a confidential settlement agreement regarding all claims. Plaintiff's injuries, however, were suffered during the course of his employment, and he received workers' compensation benefits in the State of Florida. Therefore, after a settlement was reached, the employer's insurer, Liberty Mutual

Insurance Group, Inc., notified Plaintiff that it was asserting a subrogation claim in the amount of $133,270.56 against Plaintiff and Defendants based upon its alleged right to be reimbursed out of the settlement proceeds for workers compensation payments it made to or on behalf of Plaintiff. Liberty, however, did not intervene in the state court action per O.C.G.A. § 34-9-11.1, the Georgia subrogation statute; Liberty chose to assert its subrogation lien under Florida workers compensation law, specifically F.S.A. § 440.39.[1]

Per the parties' joint motion, the state court (1) sealed the confidential settlement agreement, (2) ordered the parties to deposit the $133,270.56 into the custody of the court, (3) ordered that Liberty be made a party to the action as an "Involuntary-Plaintiff," (4) granted Andis leave to file an amended and supplemental complaint, (5) ordered Liberty to interplead any claims it has pursuant to O.C.G.A. 9-11-22 within 30 days of service of the amended complaint, and (6) released Defendants and their insurer from any further liability to Plaintiff or Liberty. Plaintiff subsequently amended the Complaint to add a count for declaratory judgment and interpleader against Liberty pursuant to O.C.G.A. 9-11-22. Within thirty days of receiving the Amended Complaint,

---

[1] This decision was apparently a strategic one. Under the Georgia statute, O.C.G.A. § 34-9-11.1(b), an employer/insurer may only recover a subrogation claim to the extent of the benefits it paid on the employee's behalf and where it can show by a preponderance of the evidence that the employee has been fully compensated. The Florida statute is more favorable to Liberty, allowing the employer/insurer a subrogation lien against the tort recovery in an equitable amount unless the employee can establish by a preponderance of the evidence that he has not been fully compensated.

Liberty removed the case, pursuant to 28 U.S.C. § 1441(a), arguing that this Court could have exercised original jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

Now, through the present Motion, Plaintiff asserts a litany of reasons why this case should be remanded to the state court. Plaintiff asserts that: (1) Liberty is not a defendant, (2) the removal was not timely; (3) diversity of citizenship is incomplete; (4) Liberty lacks consent for removal from its fellow Defendants; (5) the state court has exclusive jurisdiction over the property at issue; and (6) this action arises under workers' compensation law and thus cannot be removed to a district court.

Plaintiff's first argument is a novel one. According to Plaintiff, Liberty is an "involuntary-plaintiff," not a defendant, and thus cannot remove the action to federal court. Plaintiff is correct that 28 U.S.C. § 1446(a) authorizes only a state court *defendant* to remove cases to a district court of the United States. "No section, among the provisions governing the removal of actions to federal court, 'provides for removal by a plaintiff.'" Yun Fei Xiao v. City of New York, 2010 WL 286684 at *1 (S.D.N.Y. Jan. 25, 2010) (citing Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643 (2d Cir.1993), cert. denied, 510 U.S. 1130, 114 S. Ct. 1100 (1994)).

In the present case, Liberty was added as an "Involuntary-Plaintiff" by order of the state court. (See Notice of Removal [Doc.1], Exhibit 7). O.C.G.A. § 9-11-19(a), a provision cited by the state court, allows a party to be joined as an "involuntary plaintiff"

4

where:

> he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As practical matter impair or impede his ability to protect that interest; or (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

At the same time though, the state court also ordered Liberty to assert any claims that it has to the fund under O.C.G.A. 9-11-22. Under that section, "[p]ersons having claims against the plaintiff may be joined as *defendants* and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." O.C.G.A. 9-11-22(a) (emphasis added). Plaintiff then amended his Complaint to "bring [an] action for declaratory judgment and interpleader" against Liberty pursuant to O.C.G.A. 9-11-22(a). Liberty did not file a claim under O.C.G.A. 9-11-22(a), joining the case as a "defendant," and remains an "involuntary-plaintiff" in the caption of the case. Accordingly, Liberty's current party status in the state court is somewhat ambiguous.

Fortunately, for the purpose of removal, "federal law determines who is plaintiff and who is defendant." Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580, 74 S. Ct. 290, 98 L.Ed. 317 (1954). "It is a question of the construction of the federal statute on removal;" a state's procedural provisions cannot govern the privilege of removal granted by federal statute. Id. Thus, the fact that Liberty was procedurally added to this case as an "involuntary-plaintiff" is not controlling on removal; nor is the fact that

5

the Amended Complaint appears to state claim against Liberty as a "defendant" under another procedural statute.  This Court must independently determine whether Liberty is in fact a defendant in this action that can remove a case from state to federal court under 28 U.S.C. § 1441.

The federal removal statutes must be strictly construed. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); <u>Chicago, R.I. & P.R. Co.</u>, 346 U.S. at 580.  "A due respect for state sovereignty and the independence of state courts demands that the federal courts exercise their right to remove cases properly before state courts only in strict conformity with the removal authority granted by Congress."  <u>McCaslin v. Blue Cross and Blue Shield of Ala.</u>, 779 F. Supp. 1312, 1314 (N.D. Ala. 1991). As such, any "[d]oubts concerning removability are to be resolved against removal and in favor of remand."<u>Id.</u>

Federal courts, both in this Circuit and around the country, have generally resolved that "the phrase 'the defendant or the defendants,' as used in § 1441(a), should be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims."  <u>Capital One Bank (USA) N.A. v. Jones</u>, 710 F. Supp.2d 630, 634 (N.D. Ohio 2010) (citing <u>Curry</u>, 301 F.3d at 462); <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994) ("removal statutes are construed narrowly"). Indeed, federal courts do not permit state court plaintiffs to remove a case to federal

6

court under 28 U.S.C. § 1446(a) even if they are subsequently named as a defendant in a counterclaim or cross-claim. See 14C Wright, Miller, et al., Federal Practice and Procedure § 3730 (2010) ("[P]laintiffs cannot remove, even when they are in the position of defendants with regard to a counterclaim asserted against them."; see also North Star Capital Acquisitions, LLC v. Krig, 2007 WL 3522425 at 2 (M.D. Fla. Nov. 15, 2007) ("a counterclaim defendant, who was already in the lawsuit as the original plaintiff, cannot remove pursuant to § 1441(c)"). One court further found that counterclaim defendants may not remove a case to federal court even if they were not original plaintiffs. Capital One Bank, 710 F. Supp.2d at 634 (citing Curry, 301 F.3d at 462).

The question in the present case, therefore, is whether Liberty is a party against whom Plaintiff has asserted claims. Upon review of the Complaint and the order of the state court, this Court concludes that Liberty is not a defendant "in the traditional sense." Liberty must instead be considered a plaintiff, albeit an involuntary-plaintiff, in this case. Though Plaintiff, at the direct of the state court, amended his Complaint to add a count against Liberty for declaratory judgment and interpleader, it is Liberty who is "asserting a claim" in this case: a claim based on its right to a subrogation lien against the funds Plaintiff received in the confidential settlement.

Moreover, even if Liberty must be considered a "defendant" based upon the application O.C.G.A. 9-11-22(a) in the Amended Complaint, Liberty should still not be

7

considered a "defendant" under the removal statutes. Indeed, the strict construction of the removal statute is not applied only to parties named as "plaintiffs." The United States Court of Appeals for the Seventh Circuit held that a third-party interpleaded defendant had no right to remove a tort suit brought in state court under § 1441 when the third-party claim was not joined with, but rather was antagonistic to, a nonremovable state tort law claim against defendants. Thomas v. Shelton, 740 F.2d 478, 489 (7th Cir. 1984). Such is the case here.

The majority of courts have also "concluded that third party defendants are not defendants entitled to remove under § 1441(a)." Mobile Washington (MOWA) Band of the Choctaw Indian Tribe v. Sunbelt Resources, Inc., 649 F. Supp.2d 1325, 1330 (S.D. Ala. 2009); see also Sanford v. Premier Millwork & Lumber Co., 234 F. Supp.2d 569, 571 (E.D. Va.2002) ("[T]he majority rule, and . . . better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)."); see also Thomas, 740 F.2d at 487 ("[I]n the broad run of third-party cases, including this one, the third-party defendant cannot remove the case under § 1441(c)."). Courts embracing this view "have reasoned that it is an unwarranted extension of the federal judicial power to allow a third-party defendant, who is unconnected to the original action, to bring into a federal court, a suit between the original parties which has no independent basis for federal jurisdiction." Mobile Washington, 649 F. Supp.2d at

1329.  Such defendants are thus routinely barred from removing an action under §
1441(a) or (b). <u>Hayduk v. United Parcel Svc., Inc.</u>, 930 F. Supp. 584, 590 (S.D. Fla. 1996).

This Court is also persuaded by Plaintiff's argument that the remaining claim in this case "arises under" state workers' compensation laws.  Under the federal removal statutes, "[a] civil action . . . arising under the workmen's compensation laws of [a state] may not be removed to any district court of the United States." 28 U.S.C.A. § 1445(c).  Where § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity. <u>Humphrey v. Sequentia, Inc.</u>, 58 F.3d 1238, 1245 (8th Cir. 1995).

The issue of whether a cause of action "arises under" a state's workers' compensation laws, for purpose of applying § 1445(c), is governed by federal law. <u>Humphrey</u>, 58 F.3d at 1245-46; <u>see</u> <u>also</u> <u>Jones v. Roadway Express, Inc.</u>, 931 F2d 1086, 1092 (5th Cir. 1991).  In this respect, the Eighth Circuit Court of Appeals has explained:

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable . . . .

<u>Humphrey</u>, 58 F.3d at 1246.  Thus, the test often used to determine if an action falls within the scope of § 1445(c) is whether it is one brought to enforce a specific right of action created by a state legislature within its workers' compensation laws. <u>See</u> <u>id.</u>

Here, regardless of the procedure by which Liberty's claims were brought to the

9

state court, Liberty will be an interpleader attempting to assert its right to a subrogation lien pursuant to state workers= compensation laws. The State of Georgia has enacted a specific statutory provision regarding subrogation liens. O.C.G.A. ▪ 34-9-11.1(b) provides

> In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

Georgia=s workers' compensation law thus defines the scope and limitations of the insurer=s right to recovery.  Liberty is, without a doubt, seeking to enforce a specific right of action created by a state legislature within its workers=compensation laws, and if Georgia law is found to control in the case, this Court would have to apply and interpret Georgia=s workers= compensation laws.[2]  As such, the claim "arises under" state

---

[2] In its response brief, Liberty asserts that Plaintiff is now seeking a declaratory judgment as to which state's law applies and whether Liberty=s valid Florida lien is abrogated by Georgia law.  The Court does not read the Complaint so narrowly.  It appears the requested relief is for a legal declaration with respect to how much of the

workers' compensation law and is nonremovable.  See 28 U.S.C.A. § 1445(c); <u>Zurich Am. Ins. Co. v. General Motors Corp.</u>, 242 F. Supp.2d 736, 738 (E.D. Cal. 2003) (finding that § 1445(c) precluded removal of workers' compensation insurer's state law action for subrogation); <u>see</u> also <u>Pemiscot-Dunklin Elec. Coop. v. Jacobson</u>, 2006 WL 2432026 at *2 (E.D. Mo. Aug. 18, 2006) (remanding case upon finding that plaintiff's subrogation claim arose under workers' compensation law).

Accordingly, and in light of the strict construction required of the federal removal statutes and the rule that any doubts removability are to be resolved in favor of remand, the Court finds this action must be remanded to the state court. See 28 U.S.C. §§ 1441(a) and 1445(c). Plaintiff's Motion for Remand is, therefore, **GRANTED**, and this case is **HEREBY REMANDED** to the Superior Court of Monroe County, Georgia.

SO ORDERED, this 17th day of August, 2011.

<u>S/   C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

jlr

---

settlement funds Liberty is entitled, if any.   If Georgia law controls, Georgia's workers' compensation laws must be applied and interpreted to determine this amount. This type of claim clearly arises under O.C.G.A. § 34-9-11.1(b).

11